such contract were disclosed to her, and it is not at all probable that defendant would have made such disclosure.

If the plaintiff consents, the judgment in her favor will be reduced to $177.38, with costs and extra costs as allowed by the justice, and, as so modified, will be affirmed for that amount. If such consent be not given, the judgment will be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(21 Misc. Rep. 306.)

## JONAS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term. October 1, 1897.)

1. CARRIERS—EVIDENCE OF NEGLIGENCE.
   The mere fact that the stopping of a passenger train at a station is accompanied with a "jerk," with nothing to show that it was of more than ordinary violence, or that it was avoidable with the exercise of reasonable care upon the part of the employés of the railroad company, does not establish any negligence; nor does the mere fact of injury to a passenger, resulting therefrom, raise any presumption of their neglect.

2. JUDICIAL NOTICE.
   A trial court is not bound to take judicial notice that a train of cars can be brought from motion to a state of inertia without impact or "jerk" of some degree.

Appeal from city court of New York, general term.

Action by Elias Jonas, an infant, by Libbie Tuck, his guardian ad litem, against the Long Island Railroad Company. From a judgment of the general term affirming a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Max Altmayer, for appellant.

Wm. J. Kelly, for respondent.

BISCHOFF, J.   The plaintiff, a passenger on board of one of the defendant's trains, left the interior of the car, and stood upon the front platform, while the train was in motion, and approaching the station at Broad Channel, Long Island, at which place he intended to alight. The stoppage of the train was accompanied with a "jerk" of the car, which caused the plaintiff to fall off the platform, and in this manner he sustained the injuries complained of in this action. The complaint was dismissed, and the judgment of dismissal affirmed in the court below. The particular ground assigned by the trial court for its ruling was that the plaintiff, in placing himself where he did, was guilty of contributory negligence. Waiving the question, however, as to whether or not the plaintiff's conduct was negligence per se, it remains that a recovery would have been unauthorized for the want of any evidence of negligence upon the part of the defendant or its employés. The only witness to the occurrence of the accident examined upon the trial was the plaintiff. He testified that after the conductor had called out "Broad Channel" he went out upon the front platform; that the train was then in motion; that for the latter reason he did not attempt to alight, knowing such

attempt would be fraught with the risk of life; that as the train neared the station its speed was slackened, and that in bringing it to a standstill the cars encountered the "jerk" which caused him to fall. Not a word appears in the case to serve as a means of determining that the "jerk" was avoidable with the exercise of reasonable care upon the part of the defendant's employés, or that the "jerk" was of more than ordinary violence, from which latter fact an inference of the omission of reasonable care would have been allowable. Wherein, then, was the defendant, wherein were its employés, negligent? What particular duty of reasonable care did they leave unperformed? The defendant was not an insurer of the plaintiff's safety, and the mere happening of the accident raised no presumption that it was caused by the defendant's or its employés' neglect. De Sourcey v. Railway Co. (Com. Pl.) 15 N. Y. Supp. 108; Conlin v. Rogers (Com. Pl.) 14 N. Y. Supp. 782, and cases there cited. We cannot say that the trial court was bound to take judicial notice that a train of cars can be brought from motion to a state of inertia without impact or "jerk" of some degree; and, in the absence of evidence showing the latter fact, how can the defendant, or its employés, be said to have failed in the observance of reasonable care because of an occurrence which it does not appear they could have avoided? Obviously, that the plaintiff's hurt was caused by the defendant's or its employés' neglect was left wholly to speculation or conjecture. The rule "Res ipsa loquitur" does not apply. Thomas. Neg. 574, etc. The mere statement of the facts in the record is sufficient to distinguish this case from the cases wherein it was held to be negligence upon the part of a railroad company, or its employés, to suddenly start the train while a passenger was in the act of boarding or alighting, and before the latter had reached a place of comparative and reasonable safety. Thomas, Neg. 251, and cases collated.

The judgment is affirmed, with costs. All concur.